# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

| | |
|---|---|
| United States of America, | Case No. 16-cr-257(1) (DWF/TNL) |
| Plaintiff, | |
| v. | **ORDER** |
| Sumalee Intarathong, | |
| Defendant. | |

This matter is before the Court on two motions: the Government's Motion for Enlargement of Time, ECF No. 903, and Defendant Sumalee Intarathong's Motion to Exclude Time Under the Speedy Trial Act, ECF No. 904.

## I. MOTION FOR ENLARGEMENT OF TIME

The Government seeks an extension of the May 24, 2021 deadline for responding to pretrial motions. *See* ECF No. 888 at 1. The Government states that "[d]ue to ongoing responsibilities and deadlines, [counsel] requires additional time to prepare a response to . . . [D]efendant's motions." ECF No. 903 at 1. The Government requests that the deadline be extended to June 16, 2021. Defendant has no objection to the Government's request.

For good cause shown, the Court will grant the Government's motion and extend the deadline to June 16, 2021. The Court will also extend related deadlines in a similar fashion.

## II. MOTION TO EXCLUDE TIME UNDER SPEEDY TRIAL ACT

Beginning on March 13, 2020, and continuing thereafter, the Honorable John R. Tunheim, Chief District Judge for the United States District Court for the District of Minnesota, has issued a series of General Orders in connection with the COVID-19 pandemic, addressing, among other things, criminal proceedings and trials.[1]  On April 29, 2021, Chief Judge Tunheim entered General Order No. 28, which allows limited in-person proceedings to start on May 3, 2021, for defendants who decline to consent to conducting the proceeding using videoconferencing, or telephone conferencing if videoconferencing is not reasonably available.  *See generally In re: Updated Guidance to Court Operations Under the Exigent Circumstances Created by COVID-19*, Gen. Order No. 28 (D. Minn. Apr. 29, 2021).  General Order No. 28 states that because only limited in-person proceedings may be held each day, criminal proceedings may be continued until the date that the criminal proceeding takes place.

General Order No. 28 continues to encourage the use of videoconferencing in criminal proceedings and states that, with the defendant's consent, criminal proceedings will be conducted by videoconferencing, or telephone conferencing if videoconferencing is not reasonably available.[2]  General Order No. 28 further provides that the presiding judge will enter orders in individual cases to extend deadlines and exclude time under the Speedy Trial Act to address delays attributable to COVID-19.

---

[1] All General Orders related to the COVID-19 pandemic may be found on the Court's website at https://www.mnd.uscourts.gov/coronavirus-covid-19-guidance.

[2] *See also* General Order No. 27, which went into effect on March 25, 2021, vacated General Order No. 24, and extended the Court's authorization to conduct certain criminal proceedings via video or telephone conference pursuant to the CARES Act "[b]ecause the emergency created by the COVID-19 outbreak continues to materially affect the functioning of court operations in the District of Minnesota." *In re: Updated Guidance to Court Operations Under the Exigent Circumstances Created by COVID-19*, Gen. Order No. 27 (D. Minn. Mar. 24, 2021).

General Order No. 28, which is hereby incorporated by reference, was implemented based on: (1) the President declaring a national state of emergency in response to COVID-19 on March 13, 2020, and publishing formal notice in the Federal Register continuing the national emergency concerning the COVID-19 pandemic on February 26, 2021; (2) the Governor of the State of Minnesota declaring a peacetime emergency to coordinate strategy to protect Minnesotans from COVID-19 and the extension of that emergency declaration; (3) the Governor of the State of Minnesota issuing a series of emergency executive orders imposing certain restrictions on Minnesota residents to prevent and respond to COVID-19; (4) the COVID-19 restrictions imposed by local detention facilities that impact the abilities of pretrial detainees to consult with legal counsel and appear in-person at a U.S. Courthouse; (5) the Bureau of Prisons imposing modified operations; (6) that Minnesota continues to be an area of risk for further COVID-19 spread and concerns about the potential increased transmissibility of emerging strains of the COVID-19 virus; and (7) the interests of the health of courtroom participants and court staff, the constitutional rights of criminal defendants, the ability to conduct certain criminal proceedings via videoconference or telephone conference under the CARES Act, and the public's interest in and the Court's duty to ensure the effective and expeditious administration of justice. Specifically, General Order No. 28 states the following concerning the Speedy Trial Act:

> If the proceeding must be continued, the Court finds that the time of the continuances implemented by this order will be excluded under the Speedy Trial Act, as the Court specifically finds that the ends of justice are served by ordering the continuances and outweigh the best interests of the public and of

3

> the criminal defendants under 18 U.S.C. § 3161(h)(7)(A). Absent further order of the Court or any individual judge, the period of exclusion shall be from March 17, 2020, or the date of the indictment, whichever is later, to the date that the criminal proceeding takes place. The Court may extend the period of exclusion as circumstances may warrant.

The Court previously inquired whether Defendant consented to conducting the criminal motions hearing using videoconferencing. ECF No. 883, 888. Defendant indicated through counsel that she declined to consent to videoconferencing for the criminal motions hearing. ECF No. 900. Consistent with the health and safety protocols of this Court and the facility in which Defendant is detained, the in-person criminal motions hearing was continued to July 7, 2021. *See generally* ECF No. 902.

Defendant's counsel subsequently approached the Court about continuing the July 7 hearing due to a scheduling conflict. The Court then engaged with the parties to find a new date that was, again, consistent with the health and safety protocols of this Court and the facility in which Defendant is detained and mutually agreeable to both parties' counsel. By e-mail correspondence with the Court, the parties jointly agreed upon August 17, 2021. Defendant now moves to exclude time under the Speedy Trial Act for purposes of rescheduling the in-person criminal motions hearing. Defendant has also filed a Statement of Facts in Support of Exclusion of Time Under the Speedy Trial Act, ECF No. 905.

**For the reasons addressed in General Order No. 28 and the well-documented concerns regarding COVID-19, and consistent with the health and safety protocols of this Court and the facility in which Defendant is detained, the in-person criminal**

**motions hearing is continued and shall now take place before Magistrate Judge Tony N. Leung on August 17, 2021, at 1:00 p.m., in the Edward J. Devitt Courtroom at the Warren E. Burger Federal Building and U.S. Courthouse, 316 North Robert Street, SAINT PAUL, Minnesota.**

Pursuant to 18 U.S.C. § 3161(h), this Court finds that the ends of justice served by granting a continuance outweigh the best interests of the public and Defendant in a speedy trial and such continuance is necessary to provide Defendant and her counsel reasonable time necessary for effective preparation and to make efficient use of the parties' resources. Further, the Court specifically finds that the ends of justice served by ordering this continuance outweigh the best interests of the public and Defendant's right to a speedy trial under 18 U.S.C. § 3161(h)(7)(A). In addition, under 18 U.S.C. § 3161(h)(7)(B)(i), the Court finds that a miscarriage of justice would result if time were not excluded under these unique circumstances. Accordingly, the time period between June 4 and August 17, 2021, will be excluded under the Speedy Trial Act, absent further order of the Court.

### III. ORDER

Based on the foregoing, **IT IS HEREBY ORDERED** that:

1. The Government's Motion for Enlargement of Time, ECF No. 903, is **GRANTED**.

2. Defendant's Motion to Exclude Time Under the Speedy Trial Act, ECF No. 904, is **GRANTED**.

3. The period of time from **June 4 through August 17, 2021**, shall be excluded from Speedy Trial Act computations in this case.

4. All responses to motions shall be filed by **June 16, 2021**. D. Minn. LR 12.1(c)(2).

5. Any Notice of Intent to Call Witnesses shall be filed by **June 16, 2021**. D. Minn. LR. 12.1(c)(3)(A).

6. Any Responsive Notice of Intent to Call Witnesses shall be filed by **June 21, 2021**. D. Minn. LR 12.1(c)(3)(B).

7. The in-person criminal motions hearing shall now take place before Magistrate Judge Tony N. Leung on **August 17, 2021, at 1:00 p.m., in the Edward J. Devitt Courtroom at the Warren E. Burger Federal Building and U.S. Courthouse, 316 North Robert Street, SAINT PAUL, Minnesota**.

8. **The trial date, and other related dates, will be rescheduled following the ruling on pretrial motions. Counsel must contact the Courtroom Deputy for District Judge Donovan W. Frank to confirm the new trial date.**

Dated: June __8__, 2021

*s/ Tony N. Leung*
TONY N. LEUNG
United States Magistrate Judge
District of Minnesota

*United States v. Intarathong*
Case No. 16-cr-257(1) (DWF/TNL)