# UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA

---

United States of America,                    Case No. 16-cr-257 (1) (DWF/TNL)

        Plaintiff,

v.                                                        **ORDER**

Sumalee Intarathong,

        Defendant.

---

Laura M. Provinzino and Melinda A. Williams, Assistant United States Attorneys, United States Attorney's Office, 300 South Fourth Street, Suite 600, Minneapolis, MN 55415 (for the Government); and

Aaron J. Morrison, Wold Morrison Law, 331 Second Avenue South, Suite 705, Minneapolis, MN 55401 (for Defendant).

---

This matter is before the Court, United States Magistrate Judge Tony N. Leung, on the following pretrial motions:

1. Government's Pretrial Motion for Discovery Pursuant to Federal Rules of Criminal Procedure Rules 16(b), 12.1, 12.2, 12.3, and 26.2 (ECF No. 884);

2. Defendant's Pretrial Motion for Disclosure of Rule 404(b) Evidence (ECF No. 895);

3. Defendant's Pretrial Motion to Retain Agents' Notes (ECF No. 896); and

4. Defendant's Motion for Discovery Pursuant to Federal Rule of Criminal Procedure Rule 16 (ECF No. 897).

A hearing was held on October 7, 2021. (ECF No. 927.) Assistant United States Attorneys Laura M. Provinzino and Melinda A. Williams appeared on behalf of the United States of America (the "Government"). Aaron J. Morrison appeared on behalf of

Defendant Sumalee Intarathong.  Based upon the record, memoranda, and oral arguments of counsel, **IT IS HEREBY ORDERED** as follows:

1.      Government's Pretrial Motion for Discovery Pursuant to Federal Rules of Criminal Procedure Rules 16(b), 12.1, 12.2, 12.3, and 26.2 (ECF No. 884) is **GRANTED**.

This motion seeks discovery available under Federal Rules of Criminal Procedure 12.1, 12.2, 12.3, 16(b), and 26.2.  Defendant does not object to this motion and it is granted in all respects.  And, consistent with the agreement made by the parties on the record (*see* Tr.[1] 6:25-7:15, ECF No. 926), no later than 30 days prior to trial, the parties shall make all expert witness disclosures.  *See* Fed. R. Crim. P. 16(a)(1)(G), (b)(1)(C).

2.      Defendant's Pretrial Motion for Disclosure of Rule 404(b) Evidence (ECF No. 895) is **GRANTED IN PART** and **DENIED IN PART**.

Defendant requests the Court order the Government to give notice of "other crimes, wrongs, or acts" evidence it intends to introduce at trial pursuant to Rule 404(b) of the Federal Rules of Evidence.  (ECF No. 895 at 1.)  Defendant also asks for any evidence of "specific instances of conduct" as is used in Federal Rule of Evidence 608(b).  (*Id.* at 2.) The Government acknowledges its obligations under Rule 404(b) and states it "intends to fully comply with such disclosures."  (Gov't's Omnibus Resp. to Def.'s Pretrial Mots. ("Gov't's Resp.") at 1, ECF No. 909.)  The Government also requests that this order "be strictly drawn to require no more than what is encompassed by Rule 404(b)."  (*Id.*)  While the Government initially proposed a 21-day notification deadline before trial, the parties

---

[1] The Court notes that, although the transcript has been temporarily sealed to allow for the process of redacting any personal identifiers, *see generally* D. Minn. LR 5.5, any notice of intent to request redaction was due November 2, 2021, and no such notice was filed. (ECF No. 926.)

agreed at the hearing that the Government would instead provide disclosures 30 days before trial.  (Tr. 7:23-8:3.)

Rule 404(b) requires the Government to provide reasonable notice before trial when evidence of a crime, wrong, or other act will be used to "prov[e] motive opportunity, intent, preparation, plan, knowledge, identity, absence of mistake, or lack of accident."  Fed. R. Evid. 404(b)(2).  "Rule 404(b) . . . applies to the admission of wrongful-act evidence that is extrinsic to the charged offense . . . ."  *United States v. Ruiz-Chavez*, 612 F.3d 983, 988 (8th Cir. 2010).  It does not apply to intrinsic evidence.  *Id.*; *see also United States v. Beltz*, 385 F.3d 1158, 1162 (8th Cir. 2004) ("Evidence that is relevant to the crime charged is not other crimes evidence.").  "Evidence of other wrongful conduct is considered intrinsic when it is offered for the purpose of providing the context in which the charged crime occurred."  *Ruiz-Chavez*, 612 F.3d at 988 (quotation omitted).

Moreover, Rule 404(b) does not require that the Government "disclose directly or indirectly the names and addresses of its witnesses, something it is currently not required to do under [Fed. R. Crim. P.] 16."  Fed. R. Evid. 404(b) advisory committee's notes, 1991 Amendments; *see United States v. Polk*, 715 F.3d 238, 249 (8th Cir. 2013); *United States v. Hamilton*, 452 F.2d 472, 479 (8th Cir. 1971); *see also United States v. Miller*, 698 F.3d 699, 704 (8th Cir. 2012) ("In 1975, Congress amended Rule 16 to eliminate a requirement that the government disclose its witnesses prior to trial.").

Therefore, consistent with the parties' agreement, no later than 30 days prior to trial, the Government shall provide "reasonable notice" of all "extrinsic" evidence then known to the Government that the Government intends to offer within the purview of Fed. R. Evid.

3

404(b).[2]   Defendant's motion is otherwise denied.   If the Government subsequently discovers additional extrinsic evidence, it shall provide reasonable notice of such evidence as soon as practicable after such discovery.   *See* Fed. R. Evid. 404(b)(3)(C).

3.      Defendant's Pretrial Motion to Retain Agents' Notes (ECF No. 896) is **GRANTED**.

Defendant requests an order directing that all law enforcement agents, including any confidential informants, retain and preserve all rough notes taken and evidence seized as part of their investigation.   (ECF No. 896 at 1.)   The Government does not object to the retention of rough notes but opposes their disclosure.   (Gov't's Resp. at 2.)   Defendant's request for the retention of rough notes and evidence is granted.   To the extent that it has not already done so, the Government shall direct its agents to preserve any rough notes and evidence pertaining to this matter.

4.      Defendant's Motion for Discovery Pursuant to Federal Rule of Criminal Procedure Rule 16 (ECF No. 897) is **GRANTED IN PART** and **DENIED IN PART**.

Defendant seeks materials subject to disclosure under Rule 16(a)(1)(A)-(G) of the Federal Rules of Criminal Procedure.   (*See generally* ECF No. 897.)   This includes expert witness disclosures.   (*Id.* at 2 (citing Fed. R. Evid. 702, 703, & 705).)   The Government has stated that it has made prior disclosures, and "it will continue to fully with, [its] obligations." (Gov't's Resp. at 2.)   The Government objects to the extent the motion goes beyond the requirements of the Federal Rules of Criminal Procedure.   (*Id.* at 3.)

---

[2] The Court notes that the Government, in an abundance of caution, has also agreed to provide notice of certain evidence intrinsic to the counts charged.  (Gov't's Resp. at 1.)

Defendant's motion is granted to the extent that responsive information subject to disclosure under Rule 16(a)(1)(A)-(G) remains in the Government's control and has not yet been produced. Defendant's motion is further granted in part to the extent her discovery requests seek discovery and disclosures ordered or produced elsewhere in this Order or that the Government is otherwise obligated to disclose by law. The Court has addressed expert disclosures in connection with the Government's motion. *See supra* ¶ 1.

While the Court has no reason to doubt that the Government will honor its continuing disclosure obligations under Rule 16(c), any responsive information or material subject to disclosure under Rule 16(a)(1)(A)-(G) that subsequently comes into the Government's possession, knowledge, or control shall be produced in a timely fashion.

To the extent Defendant seeks information or materials outside the Government's disclosure obligations under Rule 16(a)(1)(A)-(G) or that have already been produced, her motion is denied. *See United States v. Johnson*, 228 F.3d 920, 924 (8th Cir. 2000) ("Criminal defendants do not have a general constitutional right to discovery.").

5.      All prior consistent orders remain in full force and effect.

[continued on next page]

6.     Failure to comply with any provision of this Order or any other prior consistent Order shall subject the non-complying party, non-complying counsel and/or the party such counsel represents to any and all appropriate remedies, sanctions and the like.


Date: December __30__, 2021                          _____s/Tony N. Leung_____
                                                     Tony N. Leung
                                                     United States Magistrate Judge
                                                     District of Minnesota


                                                     *United States v. Intarathong*
                                                     Case No. 16-cr-257 (1) (DWF/TNL)